# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, | ) ) ) ) | C.A. No. N24C-01-164 FJJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GRANTHAM LANE PROPERTIES, LLC, | ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendant. | ) ) | |

Submitted: January 26, 2026
Decided: January 28, 2026

## <u>OPINION AND ORDER</u>
*Upon Consideration of Defendant's Motion for Summary Judgment*

## GRANTED

Devera Breeding Scott and Travis Groski, Esquire, Esquire, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware, *Attorney for Plaintiff.*

Gregory D. Stewart, Esquire, Law Office of Gregory D. Stewart, P.A., Middletown, Delaware, *Attorney for Defendant.*

**Jones, J.**

1

The Delaware Department of Natural Resources and Environmental Control ("DNREC") seeks to recovery from Grantham Lane Properties, LLC ("Defendant") clean-up costs stemming from an alleged release of a hazardous substance (hereinafter "the Release") at 729 Grantham Lane, New Castle, DE 19720, property owned by Defendant.[1] Defendant has moved for Summary Judgment maintaining that DNREC did not follow the statutory provisions related to the clean-up reimbursement and as a result it is barred from recovery.[2]

## PROCEDURAL HISTORY

An anonymous informant called the Environmental Crimes Unit ("ECU") on February 16, 2021, to report a 300-gallon spill of diesel fuel.[3] DNREC's Emergency Response team arrived at the scene but was unable to determine the source of the release.[4] Due to the extent of the release, the DNREC Emergency Response team had to seek help from Lewis Environmental to assist in the remediation work.[5] DNREC sustained $64,031.85 in costs from remediating the Release.[6]

In a prior opinion this Court denied Defendant's Motion to Dismiss finding that Defendant failed to prove "acts or omissions of a third party" as the Court

---

[1] Docket Item ("D.I.") 15.
[2] *Id.*
[3] D.I. 1 ¶9.
[4] *Id.* ¶10.
[5] *Id.* ¶13.
[6] *Id.* ¶19.

reasoned was required by the third party defense to liability under HSCA. DNREC then moved for summary judgment maintaining that based on the undisputed facts it was entitled to summary judgment. This Court, in a verbal decision, denied this motion holding that there were material issues of fact and that DNREC was required to produce an expert to support its case, which it had not yet done. DNREC was granted additional time to identify an expert and Defendant was granted additional time to identify an expert. As part of its response to DNREC's motion Defendant asserted that it was entitled to summary judgment because DNREC failed to follow the statute regarding how DNREC must proceed in order to recover clean-up costs and as a result of failing to follow the statute DNREC was barred from seeking reimbursement from Defendant. The Court requested additional briefing from the parties which has been provided. This decision addresses the Defendant's position that DNREC may not recover in this case because it failed to follow the statutory framework.

## ANALYSIS

Chapter 9000 of title 7 of the Delaware Code is Delaware's Hazardous Substance Cleanup Act ("HSCA"). Section 9106 of this act sets forth the procedures that must be followed in order for DNREC to effectuate a cleanup and shift the costs of the cleanup to a third party. Section 9106 (a)(2) provides in pertinent part:

3

(2) The Secretary or his or her authorized employees or agents may enter, at reasonable times, upon any real property, public or private, to conduct sampling, inspection, examination, and investigation evaluating the release or imminent threat of release to determine the need for a remedy or to execute the remedy upon given verbal notice, and after presenting official identification to the owner or operator. The Secretary or other authorized person gaining access under this section, if requested in advance, shall split a sample with the operator, or person in charge of the facility. If any analysis is made of the samples, a copy of the results of the analysis may be furnished to the owner, operator, or person in charge.

Section 9106 must be read in conjunction with Section 9107. Section 9107 sets forth the remedies that apply to actions initiated under 9106. Section 9107 sets forth a very specific procedural process that must be followed where DNREC identifies an event for which it seeks reimbursement under 9106(a). There is no factual dispute that DNREC did not follow the procedures as outlined in Section 9107. DNREC came onto the property and began remediation measures almost immediately without following the procedural safeguards outlined in Section 9107.

Plaintiff maintains that to read the statute to require DNREC to follow the procedures outlined in 9107 would result in a situation that DNREC could not act where there is an emergency situation. This argument fails to appreciate Section 9106(b). Section 9106(b) provides:

(b) If the Secretary determines that:
    (1) An emergency exists that requires immediate action to protect public health or welfare or the environment; and

4

(2) The operator is unwilling or unable to take such immediate action, the Secretary, or his or her authorized employees or agents, without court order, may enter upon a facility and take any immediate action necessary to abate the emergency notwithstanding the provisions of §9107(e) of this title.

Section 9106(b) allows DNREC to take immediate action without Court approval so long as three requirements are met. First the Secretary (or his designee) must make a determination; (2) that an emergency exists that requires immediate action to protect public health or welfare or the environment; and (3) the operator is unwilling or unable to take such immediate action. Where these three requirements are met DNREC is permitted to take immediate actions to abate the emergency and seek recovery costs without following the procedures outlined in Section 9107.

In order for DNREC to proceed under Section 9106(b) an emergency must be determined by the secretary.[7] In the briefing in this case DNREC has conceded that there was no emergency in this case.[8] DNREC has represented to this Court in no uncertain terms that there was no emergency.[9]

Section 9106(b) does not apply to this case due to the lack of emergency. Section 9106(a) is the statutory section that DNREC must follow. While Section 9106(a) allowed DNREC to come onto the land it did not allow DNREC to proceed

---

[7] Secretary is defined under 7 *Del.C.* §6002(48) as "the Secretary of the Department of Natural Resources and Environmental Control" or the Secretary's duly authorized designee.
[8] See Docket No,: 33, pg. 3.
[9] *Id.*

5

in the manner that it did. Section 9107 prescribes the manner that controls DNREC's actions in seeking remediation. Section 9107 was not followed.

The remedy that follows from DNREC's failure to follow Section 9107 must be that DNREC forfeits its right to reimbursement. This remedy upholds and gives effect to the General Assembly's careful roadmap to how DNREC may proceed to seek reimbursement in a nonemergent situation. To reach a different result would undermine the purposes of Sections 9106 and 9107.

DNREC suggests that this result is too drastic of a remedy and undermines the purposes of the statute. The unfairness of this result is no different from the unfair result suffered by the Defendant when this Court ruled that it was strictly liable under the statute because it could not identify the third party who caused the release of the hazardous material in the first place when everyone agreed that the Defendant, itself, did not cause the release.[10]

The General Assembly adopted the DHSA with its very specific requirements. If DNREC wants to seek reimbursement for cleanup expenses it must follow the statute. In this case DNREC did not follow the statute. First, DNREC did not take the actions necessary to trigger the application of Section

---

[10] D.I. 21. DNREC argues that this Court should follow the teachings of McGinnis' Auto & Mobile Home Salvage to take a common sense approach in interpreting Chapter 60 in order to effectuate DNREC's broad authority to protect the State's environment. To allow this approach in this case would require the Court to ignore the plain words of the statute . Ignoring the plain words of a statute to accomplish a broad objective is not a path that this Court chooses to take. *Leatherbury v. Greenspun*, 937 A.2d 1284, 1288 (Del. 2007). The result leads not to an absurd result but to a result that protects the due process rights of these from whom DNREC seeks reimbursement

9106(b). Second, once DNREC came onto Defendant's property and discovered the release it did not follow the very specific requirements laid out in Section 9107 which it was mandated because DNREC failed to designate the situation as an emergency.

DNREC claims that notwithstanding its failure to follow Sections 9106 and 9107 it is still entitled to recover from the plaintiff on the basis of 7 *Del.C.* §6005(c). Section 6005(c)(1) provides:

> (c)(1) Whenever the Secretary determines that any person has violated this chapter, or a rule, or regulation, or condition of a permit issued pursuant to §6003 of this title, or an order of the Secretary, said person shall be liable for all expenses incurred by the Department:
>   a. In abating the violation; or
>   b. Controlling a pollution incident related to the violation; or
>   c. Cleanup and restoration of the environment; or
>   d. The costs incurred by the Department in recovering such expenses.
>
> Such expenses shall include, but not be limited to, the costs of investigation, legal fees and assistance, public hearings, materials, equipment, human resources, contractual assistance and appropriate salary and overtime pay for all state employees involved in the effort notwithstanding merit system laws, regulations or rules to the contrary. The Secretary shall submit a detailed billing of expenses to the liable person.

This Section does not provide an independent method of recovery for costs at least as to those costs involving the cleanup of hazardous substances. Sections 9106 and 9107 specifically address the costs associated with hazardous substances. Section 6005 is a general grant of authority to the secretary. Where two statutes

conflict the more specific statute controls over the general statute.[11] In the instant case the HSCA applies to remedial cleanup and the recovery of those costs. In the face of this very specific statute, with its very specific requirements, DNREC cannot rely on a general grant of authority to subvert the clear requirements of the HSCA when it has not complied with the HSCA.[12]

Since DNREC did not comply with Section 9107 the HSCA it forfeits its rights to recover from the Defendant in this matter. Summary Judgment is entered in favor of the Defendant against the claims of the plaintiff.

**IT SO ORDERED**.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge


cc:     File & ServeXpress

---

[11] _Turnbull v. Fink_, 668 A.2d 1370, 1377 (Del. 1995).

[12] Even if Section 6005 provides an independent right of recovery there can be no recovery in this case. The statute requires that the Secretary cite a rule, regulation or chapter which the Defendant has violated. The only statute cited was 9106(a). Since 9106(a) lays out how DNREC must proceed to seek recovery from a third party that statute must be followed. DNREC did not follow that statute. Therefore Section 6005 provides no alternative relief to DNREC.